## Winters *v.* Boll, Appellant (No. 1).

*Negligence—Master and servant—Defective appliance.*

In an action by a boy against his employer to recover damages for personal injuries, it appeared that the plaintiff was sixteen years old and had been employed in the defendant's factory for three weeks. During this period he had five or six times operated a picking machine, the rolls of which were enclosed in a wooden box. The top of the machine was convex and through an opening in it the materials to be picked were passed to the rollers. The machine was started by putting a belt on a pulley connected with it and on another pulley at the top of the room, and was stopped by removing the belt by hand. The ordinary usage of the business was to provide a lever, loose pulley or other mechanical device to shift belts on machines of this kind. When the plaintiff was first put to work on the machine, the foreman of the department climbed on the top of it and put the belt on the upper pulley, and told the plaintiff to put it on that way. No instructions were given him as to throwing it off. On the day of the accident the plaintiff had fed the machine until told by the foreman from the floor below to stop it. While attempting to obey this order by climbing on the convex box and reaching the belt with his hands, he slipped or fell, and his arm passed through the opening and was injured by the teeth of the rollers. The danger of contact with the revolving roll while removing the belt in this manner could have been altogether avoided by the use of an ordinary appliance for shifting the belt or of a cover for the opening. *Held*, that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued June 3, 1902.  Appeal, No. 12, May T., 1902, by

defendant, from judgment of C. P. Dauphin Co., Sept. T., 1899, No. 362, on verdict for plaintiff, in case of William L. Winters, by his father and next friend, Thomas J. Winters, and Thomas J. Winters, in his own right, v. Boll Brothers Manufacturing Company. Before MITCHELL, DEAN, FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SIMONTON, P. J.

Verdict and judgment for plaintiff for $2,000. Defendant appealed.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was in submitting the case to the jury.

*C. H. Bergner*, for appellant.

*William M. Hargest*, of *Hargest & Hargest*, for appellee.

OPINION BY MR. JUSTICE FELL, October 13, 1902 :

There was no error in the admission of testimony at the trial and the question of negligence was submitted with full and accurate instructions. The only question now to be considered is whether the case should have been withdrawn from the jury on the ground that there was not sufficient evidence of negligence to warrant a recovery against the defendant.

The case presented by the plaintiff's testimony was this. The plaintiff was sixteen years old and had been employed in the defendant's factory for three weeks. During this period he had five or six times operated a picking machine, the rolls of which were enclosed in a wooden box. The top of the machine was convex and through an opening in it the materials to be picked were passed to the rollers. The machine was started by putting a belt on a pulley connected with it and on another pulley at the top of the room, and was stopped by removing the belt by hand. The ordinary usage of the business is to provide a lever, loose pulley or other mechanical device to shift belts on machines of this kind. When the plaintiff was first put to work at the machine, the foreman of the department climbed on the top of it and put the belt on the upper pulley,

and told the plaintiff to put it on in that way. No instructions were given him as to throwing it off. On the day of the accident the plaintiff had fed the machine until told by the foreman from the floor below to stop it. While attempting to obey this order by climbing on the convex top and reaching the belt with his hands, he slipped or fell, and his arm passed through the opening and was injured by the teeth of the rollers.

The danger of contact with the revolving roll while removing the belt in this manner could have been altogether avoided by the use of an ordinary appliance for shifting the belt or of a cover for the opening. Whether in view of the youth and inexperience of the plaintiff, the defendant's duty to provide safe means of employment was performed, the jury alone could determine.

The judgment is affirmed.